Case 6:25-cv-00252-KC   Document 1   Filed 06/16/25   Page 1 of 12

**FILED**
June 16, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cav_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DIVISION OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| **Odie L. Dancer.** | ) | 6:25-CV-00252 |
| Plaintiff, | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT** |
| **Amazon Web Services, Inc.,** | ) | |
| **Amazon.com, Inc.,** | ) | |
| **YouTube LLC,** | ) | |
| **D/B/A YouTube** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiff, Odie Dancer ("Plaintiff"), appearing pro se, respectfully submits this Complaint for Patent Infringement against Defendants Amazon Web Services, Inc, ("AWS" or Defendant), Amazon.com, Inc, ("Amazon.com" or Defendant),, and YouTube LLC., (D/B/A"YouTube" or "Defendant"). In support thereof, Plaintiff alleges as follows:

## THE PARTIES

1. **Plaintiff** is a citizen of the United States and resides at 215 Washington Ave #226C, Waco, TX 76701.

2. **Defendant YouTube LLC., ( d/b/a "YouTube").** is a Delaware Limited Liability corporation with its principal place of business at 901 Cherry Ave, San Bruno, CA 94066. On information and belief, AWS maintains regular and established places of business within the jurisdiction of this Court, including, but not limited to, at 500 West 2nd Street, Austin, TX 78701. Defendant is duly registered to do business in Texas and may be served via its registered agent, Corporation Service Company d/b/a CSC–Lawyers Incorporating Service Company , 701 Brazos Street, Suite 1050, Austin, TX 78701-3232.

3. **Defendant Amazon.com, Inc., ("Amazon.com")** is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109. On information and belief, Amazon.com has regular and established places of business within the district and Texas, including, but not limited to, 11501 Alterra Parkway, Austin, TX 78758. Defendant is duly registered to do business in Texas and may be served via its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Amazon.com, Inc. operates as provides Video-On-Demand services and systems which may rely on AWS infrastructure.

4. **Amazon Web Services, Inc., ("AWS")** is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109. On information and belief, maintains regular and established places of business throughout this district and Texas, including, but not limited to, at 11815 Altera Parkway, Suite 900, Austin, TX 78758. Defendant is registered to

do business in Texas and may be served via its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

5. **Subject-Matter Jurisdiction**

   This action arises under the Patent Laws of the United States, specifically under 35 U.S.C. §§ 271, 281, 282, 284, and 285. Plaintiff's U.S. Patent No. 7,254,622 (the "'622 Patent"), which has since expired, remains presumed valid under 35 U.S.C. § 282. Defendants, without a license or authorization from Plaintiff, have manufactured, used, imported, offered for sale, and/or sold services and products that practice one or more claims of the '622 Patent within the United States. Plaintiff seeks only monetary damages for past infringement of the '622 Patent, as permitted under 35 U.S.C. § 286, for acts of infringement that occurred within the six years preceding the filing of this Complaint.

6. **Federal Question and Personal Jurisdiction**

   This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal-question jurisdiction) and 28 U.S.C. § 1338(a), which grants district courts original jurisdiction over civil actions arising under the patent laws of the United States. The Court also has personal jurisdiction over the Defendants, who have purposefully availed themselves of the benefits of conducting business in this District and have committed infringing acts within this jurisdiction.

7. **Venue**

   Venue is proper in the Western District of Texas under 28 U.S.C. § 1400(b), as Defendants maintain regular and established places of business in this District, and substantial infringing

acts have been committed here. Specifically:

a) **Amazon Web Services, Inc., ("AWS")** operates a major engineering and support office at 11815 Alterra Parkway, Austin, Texas (Austin Division).

b) **YouTube LLC., (d/b/a "YouTube")** operates out of Google's office at Sail Tower, 601 W 2nd Street, Austin, Texas (Austin Division), with possible edge-cache servers in the greater San Antonio, Texas area to enhance streaming capabilities in the region.

c) **Amazon.com Inc., ("Amazon.com")** maintains its primary Texas headquarters at 11501 Alterra Parkway, Austin, Texas (Austin Division), operating tech hub/offices and operates numerous fulfillment centers across the Western District, including locations in Pflugerville, San Marcos, Schertz, and Waco, handling storage, order fulfillment, sorting, and last-mile logistics for customers throughout Central and South Texas.

8. **Defendants' Market and Business Activities in Texas**

Defendants actively market, advertise, sell, and deliver their services directly to customers in the Western District of Texas through interactive websites and streaming platforms. Specifically:

a) **Amazon Web Services Inc., ("AWS")** offers cloud computing services via aws.amazon.com, which Texas-based businesses and consumers utilize to access, store, and deliver content via AWS infrastructure both within and outside Texas.

b) **Amazon.com Inc., ("Amazon.com")** conducts commerce through its website, amazon.com, including, selling goods and related services to Texas residents, with transactions and product deliveries directed to addresses within the state, thereby establishing business activities within this District.

c) **YouTube LLC., (d/b/a "YouTube")** transmits streaming content via youtube.com and

mobile applications to users located in the Western District of Texas. On information and belief, YouTube delivers this content through a global content-delivery network that employs regional ad-targeting and likely includes edge-cache servers in the greater San Antonio, Texas region to reduce latency and improve the viewing experience for Texas-based users.

9. **Purposeful Availment of Texas Forum**

Defendants' websites and streaming platforms are designed to directly engage with users in Texas, demonstrating purposeful availment of the benefits and protections of this forum. Notably:

a) **Amazon Web Services Inc., ("AWS")** billing system generates invoices for Texas addresses, and its infrastructure supports content delivery and cloud-based services to Texas businesses.

b) **Amazon.com Inc., ("Amazon.com")** processes orders, handles transactions, and ships products to Texas residents, with many shipments originating from its Texas facilities. Amazon.com, Inc., ("Amaon.com"). operates and provides Video-On-Demand services which may rely on AWS infrastructure.

c) **YouTube LLC (d/b/a "YouTube")** regional ad-targeting services track impressions and clicks from Texas IP addresses, and its video content is delivered to devices physically located in Texas, further establishing significant business operations in this District.

10. **Physical and Technical Presence in Texas**

a) On information and belief, **Amazon Web Services Inc., ("AWS")** maintains a substantial

  physical presence in Texas, with major facilities in Austin (11815 Alterra Parkway Suite 900), Dallas (13455 Noel Road), and Houston (825 Town & Country Lane), where AWS designs, deploys, and maintains cloud-based infrastructure that serves customers in this District.

b) On information and belief, **YouTube LLC (d/b/a "YouTube")** maintains regular and established places of business in Texas from Google's facilities in Austin (601 W. 2nd St., Block 185), Houston (3663 Washington Ave) and Addison (15303 N. Dallas Pkwy, Suite 1100), supporting content ingestion, marketing, and technical services for YouTube's platform.

c) On information and belief, **Amazon.com Inc.,("Amazon.com")** Texas presence extends beyond its corporate offices to include over a dozen fulfillment centers statewide, including major hubs in Amarillo, San Marcos, Schertz, and Waco, ensuring prompt delivery of goods to Texas consumers.

11. **Technological and Operational Infrastructure in Texas**

a) On information and belief, **Amazon Web Services Inc., ("AWS")** maintains Local Zones in Dallas and Houston, which provide ultra-low-latency services, including EC2, EBS, ECS, EKS, and Direct Connect. Additionally, AWS operates CloudFront edge locations in major Texas cities such as Dallas/Fort Worth, Houston, San Antonio, and Austin, which accelerate content delivery and support high-speed traffic routing.

b) On information and belief, **YouTube LLC., (d/b/a "YouTube")** operates a Google data center in Midlothian, Texas, which supports YouTube's storage and streaming operations. YouTube also plans to expand its capacity with a new data center near Red Oak, Texas,

and continues likely to utilize cache and edge servers in the greater San Antonio area and Dallas/Fort Worth to improve content delivery.

c) On **information** and belief, **Amazon.com Inc., ("Amazon.com")** utilizes CloudFront edge POPs in Texas to ensure fast website performance, alongside a comprehensive logistics network that includes sortation centers in Dallas/Fort Worth and Houston and last-mile delivery stations covering urban and rural areas statewide.

12. **Distinct Infringing Conduct Post-2014**

    Although a prior complaint involving Amazon.com, Inc., ("Amazon.com") and YouTube LLC., (d/b/a "YouTube") was filed in the Northern District of California (by order dated May 25th, 2011, consolidated into the "Consolidated Action," Case No.5:11-cv-01210). This action addresses materially different technical architectures, cloud-based delivery systems, and infringing conduct occurring after 2014. These developments, which include the use of AWS-hosted infrastructure and the restructuring of digital content delivery systems, were not previously adjudicated in the earlier litigation. Defendants' ongoing, systematic commercial activities—namely, the development, deployment, and operation of digital content services, cloud infrastructure and video processing systems—establish sufficient minimum contacts with the Wester District of Texas to support personal jurisdiction, consistent with federal due process and applicable law.

## THE PATENT-IN-SUIT

13. On August 7, 2007, the United States Patent and Trademark Office issued U.S. Patent No. 7,254,622 (the "'622 Patent"), titled "Video-on-Demand System." After considering a 959-day patent-term adjustment under 35 U.S.C. § 154(b), the patent expired on August 1, 2023.

Although the '622 Patent is no longer in force, 35 U.S.C. § 286 allows the patentee to recover damages for any infringing acts that occurred within six years of the filing of this Complaint. Plaintiff, Odie Dancer, owns all rights, title, and interest in the '622 Patent, including the right to bring this action for monetary damages for infringement of the '622 Patent.

14. By order dated May 25th 2011, the Northern District of California consolidated Nomura v. YouTube, LLC (No. C11-01208) with Nomura v. Amazon.com, Inc., .(No. C11-01210) under case No. 5:11-cv-01210-HRL (the "Consolidated Action"). In that Consolidated Action, the court conducted claim construction for U.S. Patent No. 7,254,622 (the "622 Patent"). This complaint adapts and applies those constructions-which remain binding-to the accused infringing conduct after the prior litigation.

## INFRINGEMENT

15. In 2011, Plaintiff Nomura filed separate actions for U.S. Patent No. 7,254,622 in the Northern District of California: Nomura v. YouTube LLC (No. C11-01208) and Nomura v. Amazon.com Inc. (No. C11-01210) . By Order of May 25, 2011, those cases were consolidated under Case No. 5:11-cv-01210-HRL (the "Consolidated Action).

16. Since at least 2019, Defendants Amazon.com, Inc., ("Amazon.com") YouTube LLC., (d/b/a "YouTube") and Amazon Web Services, Inc., ("AWS") have directly and/or indirectly infringed one or more claims of U.S. Patent No. 7,254,622 (the "'622 Patent") by operating, offering, and maintaining video-on-demand and cloud-based data systems that practice the patented technology of the '622 Patent.

17. These systems meet one or more limitations of the asserted claims of the '622 Patent, including but not limited to: tiered storage of video data, classification and indexing functionality, customer delivery architecture, and error detection and restoration systems, as previously construed by the court in *the Consolidated Action.*. The infringement is based on systems operated by the Defendants that continue to practice these methods without authorization from Plaintiff.

18. While Amazon.com, Inc., ("Amazon.com"). and YouTube LLC., (d/b/a "YouTube") were parties to the prior litigation, this Complaint addresses new technological developments and materially different system configurations, products and services, including infrastructure hosted by the defendants, which were not adjudicated or raised in the earlier case. The new technologies utilized by the defendants, such as updated cloud-based storage and video delivery systems, have not been previously considered by the Court.

19. The current allegations of infringement arise from the implementation of systems after 2014, which include updated, products and services, restructured, and expanded cloud-based video delivery and storage architectures operated and supported by defendants. These systems, which have evolved in terms of technical configuration, now infringe on the claims of the '622 Patent by utilizing new infrastructure and cloud-based services not considered in the prior litigation.

20. Plaintiff does not seek to relitigate the issues adjudicated in the 2011–2014 case but instead brings new claims based on recently discovered, distinct infringing conduct. These new claims

are based on new facts, technologies, and post-2014 implementations of the video-on-demand system that were not previously before the Court. Plaintiff asserts that the previously established claim constructions apply to these new technologies and infringing activities.

21. Consistent with *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), this action is based on newly arising acts of infringement, including post-2014 system implementations and the use of materially distinct technologies that were not raised in the prior litigation. The prior judgment does not bar this suit, as the new facts, circumstances, and technologies give rise to independent infringement claims that were not previously adjudicated.

## DAMAGES UNDER 35 U.S.C. § 286

22. The '622 Patent expired on August 1, 2023. Despite the expiration, Plaintiff is entitled to recover damages for all acts of infringement that occurred within the six-year period prior to the filing of this Complaint, as permitted under 35 U.S.C. § 286.

23. Plaintiff seeks damages only for acts of infringement that occurred within the six-year window preceding the filing of this Complaint, as allowed by 35 U.S.C. § 286, and reserves the right to seek further relief if additional acts of infringement are discovered.

24. This action is further supported by *Lawlor v.* National *Screen Service Corp.*, 349 U.S. 322 (1955), which holds that a prior judgment does not bar a new suit based on new facts or worsening conditions. The new facts and technological developments presented here warrant the bringing of this suit and the awarding of damages based on the recent and distinct infringing

acts committed by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendants have infringed the '622 Patent;

B. Award damages under 35 U.S.C. § 284 for all infringing acts occurring within the statutory window outlined in 35 U.S.C. § 286, including but not limited to damages for the full period of infringement;

C. Award pre- and post-judgment interest as permitted by law, as well as the costs of this action, including attorney's fees to the extent allowable under 35 U.S.C. § 285 or other applicable law;

D. Grant a jury trial on all issues so triable under FED. R. CIV. P. 38; and

E. Grant such further relief as the Court deems just and proper, including equitable relief, if warranted by the circumstances.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff, Odie Dancer, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Odie L. Dancer.

215 Washington Ave# 226C

Waco, TX, 76701

info@pathwaypartners.org

Pro Se Plaintiff

Dated: June 16th. 2025