IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ODIE L. DANCER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. WA-25-CV-252 |
| § | |
| AMAZON WEB SERVICES, INC., § | |
| AMAZON.COM, INC., and YOUTUBE § | |
| LLC d/b/a YOUTUBE § | |
| § | |
| Defendants. § | |

# **ORDER**

On this day, the Court considered Plaintiff Odie L. Dancer's Motion to Proceed in Forma Pauperis for U.S. Marshals Service ("Motion"), ECF No. 5.  Although Dancer has already paid the filing fee, *see* Filing Fee Receipt, ECF No. 1, he now requests that the Court instruct the United States Marshals to effectuate service on his behalf, *see* Mot.

Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiffs' request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed to the court."  While Courts "must so order" if a plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, Dancer is not.  Courts have, however, granted IFP status for purposes of service under Rule 4(c)(3) and § 1915(d) to plaintiffs who have already paid the filing fee—provided they make a sufficient showing of indigence.  *Winegarner v. Hartz*, No. 17-cv-1507, 2017 WL 3773648, at *2 (N.D. Tex. July 27, 2017) (citation omitted), *adopted*, 2017 WL 3726990 (Aug. 30, 2017); *Ingraham v. Red Carpet Hous. Corp.*, No. 17-cv-1076, 2017 WL 5152343, at *1 (N.D.N.Y. Oct. 19, 2017), *adopted*, 2017 WL 5151692 (Nov. 6, 2017).

Absolute destitution is not required to qualify for IFP status. *See Winegarner*, 2017 WL 3773649, at *2*; see also Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "The central question is whether the [plaintiff] can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers*, 1995 WL 696702, at *1. In making that determination, courts consider factors such as the plaintiff's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas* No. 94-cv-10808, 1995 WL 371022 (5th Cir. June 2, 1995). Courts may also consider the plaintiff's income in relation to applicable federal poverty guidelines. *Moates v. Biden*, No. 6:22-cv-626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (collecting cases), *adopted*, 2022 WL 18110176 (Oct. 18, 2022).

According to the Motion, Dancer earns $1,680 per month in wages and receives some additional disability or workers' compensation benefits. *See* Mot. 1. He reports having $2,000 in cash or in a checking or savings account. *Id.* at 2. He owns no real estate, vehicles, stocks, or other financial assets, has no debt or dependents, and pays $650 in monthly rent. *Id.* As a result, he has approximately $1,000 in discretionary monthly income, plus $2,000 in savings. His estimated annual income of $20,160 is only modestly above the federal poverty guideline for a single individual with no dependents. *See* U.S. Dep't of Health & Hum. Servs., Office of Assistant Sec'y for Planning & Evaluation, *HHS Poverty Guidelines for 2024*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Jan. 3, 2025).

In the Court's experience, hiring a process server to serve a defendant in El Paso, Texas, typically costs around $150. Dancer seeks to serve three Defendants. Given his limited assets,

2

modest income, and ongoing living expenses, the Court finds that Dancer lacks the financial resources to effect service of process in this case.  *See, e.g.*, *Gillman v. United States*, No. 16-cv-1, 2016 WL 80635, at *1 (D. Haw. Jan. 7, 2016) (granting IFP motion where plaintiff had $2,000 in savings, and take-home pay of approximately $1,000 per month).

Dancer has included summonses with service addresses for each Defendant.  *See* Mot. Exs. 1–3, ECF No. 5-1.

Accordingly, it is **ORDERED** that Dancer's Motion, ECF No. 5, is **GRANTED**.

**IT IS FURTHER ORDERED** that the District Clerk shall furnish the United States Marshals with copies of the Complaint, the summonses, and this Order, and that the Marshals shall serve the same upon Defendants herein.  All costs of service shall be advanced by the United States.

**SO ORDERED**.

**SIGNED this 23rd day of June, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE